**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Sherri L. Brewer,**
**Claimant Below, Petitioner**

**vs.)** **No. 21-0919**  (BOR Appeal No. 2056683)
                    (Claim No. 2020019820)

**Davis-Stuart, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sherri L. Brewer appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent Davis-Stuart, Inc., filed a timely response.[1] The issue on appeal is compensability. The claims administrator denied the claim on March 3, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its April 28, 2021, order. The order was affirmed by the Board of Review on October 22, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Petitioner, a treatment associate at a home for juveniles, completed an Employees' and Physicians' Report of Injury stating that on February 26, 2020, her left knee "went out" as she was walking up stairs at work. Petitioner was seen by her primary care providers, who diagnosed a left knee sprain. On March 3, 2020, the claims administrator denied petitioner's claim because it found that the treatment notes did not indicate that the incident was work-related.

On March 5, 2020, petitioner saw Steven E. Vess, D.O., who previously performed arthroscopic surgery on petitioner's left knee with regard to an injury from June 2019 that was held compensable in Claim No. 2019016389.[2] Dr. Vess found that there was no need for further orthopedic intervention. Dr. Vess opined that petitioner's continued discomfort was due to "her original injury," explaining that even minor injuries can cause asymptomatic arthritis to activate.

Petitioner underwent an MRI on March 24, 2020, and the impression was of a complex tear of the lateral meniscus in the left knee. Petitioner's primary care providers referred her to

---

[1]Petitioner is represented by Reginald D. Henry, and respondent is represented by Charity K. Lawrence.

[2]Petitioner received an award of 4% permanent partial disability in Claim No. 2019016389.

1

Robert P. Kropac, M.D., who evaluated her on June 4, 2020. Dr. Kropac attributed the lateral meniscus tear to the February 26, 2020, incident. Significantly, contrary to the Employees' and Physicians' Report of Injury, petitioner told Dr. Kropac that she tripped while running and chasing a juvenile up the stairs. Petitioner also reported that she experienced pain in her left knee since the June 2019 compensable injury. Petitioner complained of recurrent episodes of buckling and locking of the left knee. Dr. Kropac noted that petitioner underwent arthroscopic surgery for the June 2019 injury. Dr. Kropac kept petitioner off work and referred petitioner to Philip Branson, M.D., for an evaluation for another arthroscopic procedure.

On June 24, 2020, petitioner was evaluated by Heather Green, a family nurse practitioner in Dr. Branson's office. Ms. Green noted that petitioner experienced left knee pain and had episodes of the knee giving away since the June 2019 compensable injury. Based upon petitioner's evaluation, Ms. Green found that she had a medial meniscus tear but noted that the March 24, 2020, MRI showed a lateral meniscus tear. In other sections of her report, Ms. Green stated that the MRI revealed a medial meniscus tear. However, Ms. Green also said that the MRI showed moderate osteoarthritis, and Ms. Green's assessment was that of varus arthritis. Ms. Green and petitioner discussed conservative treatment options versus surgical intervention, and petitioner understood the same.

At her deposition held on October 20, 2020, petitioner testified consistent with the Employees' and Physicians' Report of Injury in stating that her left knee "gave out on me." Petitioner did not indicate that she fell. Rather, she "just sat down." Petitioner stated that the pain was excruciating, "like something was ripping." Petitioner further testified as to several other instances as far back as 2016 when she injured her knee, both at work and elsewhere, including the June 2019 compensable injury. Petitioner stated that the knee buckling, locking, and giving out were ongoing symptoms.

On January 8, 2021, David L. Soulsby, M.D., conducted a review of petitioner's medical records. Dr. Soulsby opined to a reasonable degree of medical probability that the complex tear of the lateral meniscus was degenerative and caused by osteoarthritis instead of a traumatic injury. Dr. Soulsby stated that taken as a whole, the treatment notes from Dr. Vess supported his opinion that the lateral meniscus tear was degenerative in nature given that osteoarthritis is a progressive condition capable of causing tears of the meniscus. Dr. Soulsby noted that degenerative tearing can occur from the normal activity of daily life.

In its April 28, 2021, order, the Office of Judges affirmed the claims administrator's denial of the instant claim based upon the February 26, 2020, Employees' and Physicians' Report of Injury. The Office of Judges determined that no work activity caused petitioner's left knee to give way. Rather, the record showed that the left knee buckled as petitioner climbed stairs. The Office of Judges found that while petitioner's job duties required her to climb stairs, her left knee giving away was not unique to her job given her prior injury from 2019 and her osteoarthritis. On October

22, 2021, the Board of Review adopted the Office of Judges' findings and affirmed its order upholding the claim administrator's denial of the instant claim.[3]

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we find no error in the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *See* Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). "Pursuant to W. Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence." Syl. Pt. 2, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016). While Dr. Kropac attributed the lateral meniscus tear to the February 26, 2020, incident, the version of the occupational injury petitioner gave to Dr. Kropac differed from petitioner's other statements about how the injury occurred. Therefore, we find no error with the Office of Judges's conclusion that the opinion of Dr. Soulsby is more persuasive. Dr. Soulsby stated to a reasonable degree of medical probability that the lateral meniscus tear was caused by osteoarthritis rather than a traumatic injury. Accordingly, we find that petitioner fails to prove the instant claim by a preponderance of the evidence.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3]The Board of Review modified the Office of Judges's finding of fact no. 10 to correct a typographical error.